UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TERRANCE SWANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00276-JPH-MG |
| | ) | |
| FRANK VANIHEL, | ) | |
| CHRISTIE, | ) | |
| BYRD, | ) | |
| BOBBIE RIGGS, | ) | |
| MATT LEOHR, | ) | |
| DANIEL BEDWELL, | ) | |
| EWERS, | ) | |
| FISCHER, | ) | |
| ROBERT CARTER, JR., | ) | |
| JAMES BASINGER, | ) | |
| JACK HENDRIX, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Amended Complaint and Directing Further Proceedings**

Terrance Swann, a prisoner currently incarcerated at Wabash Valley Correctional Facility, alleges in this civil rights action that various prison officials violated his constitutional rights. Because the plaintiff is a "prisoner," this Court has an obligation to screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Swann has sued eleven different defendants: Warden Frank Vanihel, Ms. Christie, Dr. Byrd, Bobbie Riggs, Matt Leohr, Daniel Bedwell, Lt. Ewers, Lt. Fischer, Robert Carter, Jr., James Basinger, and Jack Hendrix. He seeks money damages as well as declaratory and injunctive relief. The Complaint makes the following allegations.

### A. Conditions of Confinement

Mr. Swann alleges he has been subject to unlawful conditions of confinement while housed in "G-House" and "P-House" at Wabash Valley.

"G-House" is a general population unit that is "very dangerous" because most offenders in G-House come from the maximum-security unit. Inmates in G-House are locked up most of the day, and their recreation time is frequently cancelled. Violence in G-House is common, and the unit does not have an emergency call button. Instead, prisoners are forced to yell for a jail official when an inmate assaults another inmate. Often times, it is impossible to get an officer's attention either because of staff shortages (one guard watches 160 prisoners) or the officer is socializing in the control room.

2

In P-House, there are constant fights among inmates. Inmates are frequently on lock-down status and prison staff—including Supervisor Leohr and Andrea Mason—intentionally place together inmates who are likely to fight one another. For example, they will place members of rival gangs together or place a prisoner who is labeled a child molester or a "snitch" with a much stronger, aggressive prisoner with a violent history. Also, Warden Vanihel and Lt. Ewers use "corporeal punishment as a tool and method to try and get prisoners to govern other prisoners even if it [means] violence." They accomplish this by keeping P-House on lock-down status and by intentionally placing together inmates who are likely to fight one another.

**B. Failure to Protect**

Mr. Swann alleges that Warden Vanihel and Classification Supervisor Matt Leohr have failed to protect him from attacks by other inmates. While in G-House, Mr. Swann was attacked multiple times by his cell mate. He asked his counselor to be placed with a different cell mate, but nothing was done. After being attacked a seventh time, he filed a grievance about not being able to choose his own cell mate. Supervisor Leohr moved him to a different cell but placed him with a known violent offender who had previously tried to stab Mr. Swann in 2019. Mr. Swann refused to go into the cell, which prompted officers to use physical force and talk to him in a demeaning way. Mr. Swann is vulnerable to attacks because he has a severe back injury that can leave him bedridden for days. This leaves him unable to defend himself from other inmates. Despite being aware of this condition, neither Warden Vanihel nor Supervisor Leohr have taken any measures to protect Mr. Swann.

### C. Equal Protection Violation

Mr. Swann alleges that Supervisor Leohr also treated him differently because of his race. He asserts that Supervisor Leohr placed black individuals in G-House and P-House but sent white individuals who had been involved in fights or assaults to more calm housing units.

### D. Medical Care

Mr. Swann further alleges that Bobbie Riggs, Daniel Bedwell, and Dr. Samuel Byrd have ignored Mr. Swann's requests for medical treatment. He contends he had severe back pain and blood in his urine but both Nurse Riggs and Mr. Bedwell failed to treat his condition and ignored his pain. He asserts Dr. Byrd likewise failed to evaluate him and failed to treat his back pain.

### E. Destruction of Property

Mr. Swann alleges Officer Christie threw away his commissary purchases without any advance notice. These items included Mr. Swann's books, legal papers, toothbrush, and dental floss. Mr. Swann contends the Property Policy permitted items in segregation, and Defendant Christie was "implementing [the] rule by herself."

### F. Unconstitutional Policies

Finally, Mr. Swann contends Defendants Carter, Basinger, Hendrix, and Vanihel have implemented IDOC policies or practices that promote violence and unnecessarily restrict his commissary purchases. He also asserts that Defendant Carter is responsible for all IDOC facilities and has failed to ensure Wabash Valley is operated appropriately.

### III. Severance of Claims

Rule 18(a) of the Federal Rules of Civil Procedure provides that "[a] party asserting a claim to relief as an original claim, . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple

4

claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). The Seventh Circuit has explained:

> When screening prisoners' complaints under the PLRA, courts can and should sever an action into separate lawsuits or dismiss defendants who are improperly joined under Federal Rule of Civil Procedure 20(a)(2). *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). A prisoner may join defendants in the same action only if the claims against each one "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ...." Fed. R. Civ. P. 20(a)(2)(A); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). . . . Out of concern about unwieldy litigation and attempts to circumvent the PLRA's fee requirements, we have urged district courts and defendants to beware of "scattershot" pleading strategies. *E.g., Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). We target for dismissal "omnibus" complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated defendants. *E.g., Evans*, 878 F.3d at 561; *Hinsley*, 635 F.3d at 952.

*Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances. *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] PLRA's fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

Here, Mr. Swann's complaint involves a variety of claims related to his physical safety, the conditions of confinement, and his medical care at Wabash Valley. Many of these claims are unrelated and belong in different suits. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to

5

some but not all of them") (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012)); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

This case shall be limited to the claim that Warden Frank Vanihel and Classification Supervisor Matt Leohr failed to protect him from attack by other inmates. Mr. Swann's Motion for Temporary Restraining Order, which has been fully briefed, is based on these claims.

The claims related to the physical conditions of his confinement, access to commissary, and medical care claims must either be severed into a new action or dismissed. *See* Fed. R. Civ. P. 21 (authorizing severance); *see also Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Whether they are severed or dismissed without prejudice is a choice for Mr. Swann. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) ("[E]ven *pro se* litigants are masters of their own complaints[.]"). If the claims are severed and a new action is opened, Mr. Swann will be responsible for paying the filing fee associated with the new case or moving to proceed *in forma pauperis*. In addition, the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for the new case.

Mr. Swann shall have until **November 14, 2022**, in which to **notify the Court** whether he wishes the Court to sever any claims raised in the amended complaint into a new action or dismiss them without prejudice. If Mr. Swann fails to respond, all but the failure to protect claim against Warden Vanihel and Mr. Leohr shall be dismissed without prejudice.

### IV.    Discussion

Applying the screening standard to the factual allegations in the complaint the Eighth Amendment failure to protect claim shall proceed against Warden Vanihel and Mr. Leohr. *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) ("A prison official [may be] liable for failing to protect an inmate from another prisoner [when] the official knows of and disregards and excessive

6

risk to inmate health or safety.") (internal quotations and citation omitted). These claims shall **proceed**.

This summary of claims includes all of the properly joined claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint and may proceed in this suit consistent with Rules 18 and 20 of the *Federal Rules of Civil Procedure*, he shall have **through November 14, 2022,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Warden Frank Vanihel and Supervisor Matt Leohr in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on July 20, 2022, dkt [6], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/18/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:

      Frank Vanihel
      Matt Leohr


      (All at Wabash Valley Correctional Facility)

TERRANCE SWANN
956680
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant - Court Only

All Electronically Registered Counsel