UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TERRANCE SWANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00276-JPH-MG |
| | ) | |
| FRANK VANIHEL, | ) | |
| CHRISTIE, | ) | |
| BYRD, | ) | |
| BOBBIE RIGGS, | ) | |
| MATT LEOHR, | ) | |
| DANIEL BEDWELL, | ) | |
| EWERS, | ) | |
| FISCHER, | ) | |
| ROBERT CARTER, JR., | ) | |
| JAMES BASINGER, | ) | |
| JACK HENDRIX, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Renewed Motion for Preliminary Injunction as Moot**

Plaintiff Terrance Swann brought this lawsuit against various officials at Wabash Valley Correctional Facility alleging they failed to protect him from a serious risk of harm posed by other inmates. *See* Dkt. 24. The Court issued a preliminary injunction, directing Defendants to develop a safety plan for Mr. Swann as it related to the other inmates. Dkts. 27 and 28. Defendants complied and submitted a safety plan. Dkt. 38.

Mr. Swann renewed his request for additional preliminary injunctive relief, contending that (1) Wabash Valley does not have a protective custody unit; (2) he was placed in administrative segregation resulting in a severe deprivation; and (3) the safety plan proffered by Defendants was not adequate. *See* Dkt. 42. Mr. Swann requested that the Court take a more stringent stance on Defendants' safety plan and permit him to file a new lawsuit if he was not transferred to a different

facility. *Id.* While this motion was pending, Mr. Swann was transferred to New Castle Correctional Facility. *See* Dkt. 45 (Notice of Change of Address).

Claims for injunctive relief become moot once an inmate is transferred out of a facility absent any indication the inmate is likely to return. *See Pearson v. Welborn*, 471 F.3d 732, 743 (7th Cir. 2006) (claims for injunctive relief and declaratory relief are moot once an inmate is transferred out of the facility); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.") (internal quotations and citations omitted). Mr. Swann has been transferred from Wabash Valley, and there is no evidence suggesting he will return. *Higgason*, 83 F.3d at 811 ("Allegations of a likely retransfer may not be based on mere speculation."). Additionally, all of the Defendants in this action are Wabash Valley officials,[1] and so they can no longer provide any injunctive relief to Mr. Swann. Accordingly, his renewed motion for a preliminary injunction, dkt. [42], is **denied as moot**.

**SO ORDERED.**

Date: 3/10/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] Mr. Swann's original complaint was screened pursuant to 28 U.S.C. § 1915A, and he was permitted to proceed on claims against Warden Frank Vanihel and Supervisor Matt Leohr, who are both Wabash Valley officials. *See* Dkt. 24. Mr. Swann has filed an amended complaint which has yet to be screened. However, the proposed new defendants in the amended complaint are also all Wabash Valley officials. *See* dkt. 40 ¶¶ 2–5.

Distribution:

TERRANCE SWANN
956680
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com