UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRANCE SWANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00276-JPH-MG |
| | ) |
| FRANK VANIHEL, | ) |
| CHRISTIE, | ) |
| BYRD, | ) |
| BOBBIE RIGGS, | ) |
| MATT LEOHR, | ) |
| DANIEL BEDWELL, | ) |
| EWERS, | ) |
| FISCHER, | ) |
| ROBERT CARTER, JR., | ) |
| JAMES BASINGER, | ) |
| JACK HENDRIX, | ) |
| | ) |
| Defendants. | ) |

**Order Granting Plaintiff's Motion to Sever Claims**

Plaintiff Terrance Swann is a prisoner currently incarcerated at New Castle Correctional Facility. He was previously incarcerated at Wabash Valley Correctional Facility. Mr. Swann filed this lawsuit alleging several unrelated claims against eleven different defendants arising from events that occurred while he was incarcerated at Wabash Valley. This action proceeds only on Mr. Swann's claims that Warden Frank Vanihel and Supervisor Matt Leohr failed to protect him from other inmates. *See* Dkt. 24.[1] As to the other claims, the Court directed that Mr. Swann could either move to sever these claims into a new action or they would be dismissed without prejudice. *See Id.* at 5–6; *see also Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022) (explaining that when

---

[1] This claim was chosen because Mr. Swann had sought preliminary injunctive relief on this claim. *See* Dkt. 7.

1

joinder is improper the court may sever into two or more actions after allowing plaintiff to either consent to severance or opt for partial dismissal). Mr. Swann responded with a motion to sever his medical care claims into a new action and dismiss the remaining claims without prejudice. Dkt. 33.

Accordingly, Mr. Swann's motion to sever, dkt. [33], is **granted**. Mr. Swann's claims against Ms. Christie, Lt. Ewers, Lt. Fischer, Robert Carter, Jr, James Basinger, and Jack Hendrix are **dismissed without prejudice**. The **clerk is directed to terminate** Ms. Christie, Lt. Ewers, Lt. Fischer, Robert Carter, Jr, James Basinger, and Jack Hendrix as defendants on the docket.

The **clerk is also directed** to terminate Dr. Byrd, Bobbie Riggs, and Daniel Bedwell as defendants on the docket in this action. Mr. Swann's claims against these defendants shall be severed into a new action.

To effectuate this ruling, the **clerk is directed** to open a new civil action from the Terre Haute Division, consistent with the following:

    a.    Terrance Swann shall be the plaintiff in the newly opened action.

    b.    The defendants in the newly opened action shall be Dr. Byrd, Bobbie Riggs, and Daniel Bedwell.

    c.    The Nature of Suit shall be 555.

    d.    The Cause of Action shall be 42:1983pr.

    e.    The clerk is directed to re-docket the complaint, dkt. [1] and this Order in the new action.

    f.    The assignment of judicial officers shall be by random draw.

 g. In this new action, the Court will screen the complaint pursuant to 28 U.S.C. § 1915A, and Mr. Swann will be required to pay the $402.00 filing fee or to move for leave to proceed *in forma pauperis*.

 The only claims proceeding in this action are Mr. Swann's failure to protect claims against Frank Vanihel and Matt Leohr. Mr. Swann's amended complaint, *see* dkt. 40, will be screened pursuant to 28 U.S.C. § 1915A in due course.

**SO ORDERED.**

Date: 3/10/2023

          _James Patrick Hanlon_
          James Patrick Hanlon
          United States District Judge
          Southern District of Indiana

Distribution:

TERRANCE SWANN
956680
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com