UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRANCE SWANN, | ) |
|           Plaintiff, | ) |
| v. | ) No. 2:22-cv-00276-JPH-MG |
| FRANK VANIHEL, MATT LEOHR, | ) |
|           Defendants. | ) |

**Order Screening Second Amended Complaint
and Directing Further Proceedings**

Terrance Swann, an inmate in the Indiana Department of Correction, is proceeding in this action on failure-to-protect claims against defendants Frank Vanihel and Matt Leohr. The Court has granted Mr. Swann leave to file a second amended complaint, which is now subject to screening. *See* 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Second Amended Complaint

The second amended complaint names four defendants, all Indiana Department of Correction employees at the Wabash Valley Correctional Facility: (1) Warden Frank Vanihel; (2) Deputy Warden Kevin Gilmore; (3) Classification Supervisor Matt Leohr; and (4) Counselor Richardson.

According to the second amended complaint, Warden Vanihel and Classification Director Leohr assigned Mr. Swann an extremely violent cellmate who would get intoxicated and "constantly" assault Mr. Swann. Mr. Swann notified Counselor Richardson, Warden Vanihel, and Classification Director Leohr, but nothing was done. Mr. Swann was later assaulted during outside recreation and suffered injuries to his jaw that made it hard to eat.

Following the outside recreation assault, Mr. Swann filed a grievance and was moved to the other side of his cell house. However, he was moved to a cell with a serial killer who had previously tried to stab him.

Mr. Swann later learned that two inmates were plotting to stab him. He filed a classification appeal asking not to be placed near these inmates, but

2

Deputy Warden Gilmore denied the appeal. Mr. Swann was later attacked during breakfast after another prisoner through "a liquid solution" in his eyes.

Mr. Swann seeks actual damages, punitive damages, declaratory relief, and injunctive relief.

### III. Discussion of Claims

All official-capacity claims for injunctive and declaratory relief are **DISMISSED** as moot because Mr. Swann has been transferred to a new prison, where the named defendants do not have authority to control Mr. Swann's housing assignment. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.").

All official-capacity claims for damages are **DISMISSED** because an official capacity claim against a State employee is effectively a claim against the State, which is not subject to damages actions under 42 U.S.C. § 1983. *Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017).

Mr. Swann's Eighth Amendment failure-to-protect claims **SHALL PROCEED** against defendants Frank Vanihel, Kevin Gilmore, Matt Leohr, and Counselor Richardson in their individual capacities. These are the only viable claims identified by the Court. All other claims have been dismissed.

### IV. Further Proceedings

Frank Vanihel and Matt Leohr shall have **14 days from the entry of this Order on the docket** to answer or otherwise respond to the second amended complaint.

The **clerk is directed** to add Kevin Gilmore and Counselor Richardson as defendants on the docket.

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Kevin Gilmore and Counselor Richardson in the manner specified by Rule 4(d). Process shall consist of the second amended complaint, dkt. [40], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/21/2023

Distribution:

All Electronically Registered Counsel

James Patrick Hanlon
United States District Judge
Southern District of Indiana

TERRANCE SWANN
956680
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronic service to Indiana Department of Correction employees:

Kevin Gilmore
Counselor Richardson

(both at Wabash Valley Correctional Facility)